(No. 6765.   March 9, 1940.)

BIG WOOD CANAL COMPANY, a Corporation, Appellant,
v. UNEMPLOYMENT COMPENSATION DIVISION
OF THE INDUSTRIAL ACCIDENT BOARD OF THE
STATE OF IDAHO, Respondent.

[100 Pac. (2d) 49.]

248

Bissell & Bird, for Appellant.

Vestal P. Coffin, for Respondent.

AILSHIE, C. J.—August 21, 1907, a contract was entered into between the state of Idaho and the United States, and the state in turn entered into a contract with the Idaho Irrigation Co., Ltd., for the construction of an irrigation system, to cover approximately 155,000 acres of land in Blaine, Lincoln, and Gooding counties. As soon as the irrigation system was completed, it was turned over for operation to the Big Wood River Reservoir & Canal Company, Ltd., its name being changed later to the "Big Wood Canal Company," appellant herein. The company was organized and existed under the general corporation laws relating to Carey Act operating companies, as a *mutual non-profit* corporation; its only function being to maintain and operate a system for the distribution of water for domestic and irrigation purposes to its approximately nine hundred members. Assessments were made upon its shareholders *pro rata* to collect actual expenses for maintenance and operation of the system. The amount of water made available for use by the stockholders, being insufficient to irrigate and reclaim all the lands, the American Falls Reservoir District No. 2 was organized and entered into a contract with appellant and the United States. By the terms of this latter contract, the stockholders waived all rights, possessed under the terms of the Carey Act, federal and state, and assumed the status of water users on a federal reclamation project.

Petition by appellant was filed with the Industrial Accident Board, showing operation of the irrigation project under the direction, rules and regulations of the Department of the Interior of the United States. Tabulation is set out showing moneys paid out as excise taxes covering payrolls for 1936,

1937, 1938, and first quarter of 1939, making a total payment of $2,332.48; all of which payments were made under protest. From an order denying appellant's claim for refund of contributions paid to the Unemployment Compensation Division of the Industrial Accident Board and denying petition for termination of coverage under the Unemployment Compensation Law, the Big Wood Canal Company appealed.

The Unemployment Compensation Law, 1935 Session Laws (3d Extra. Sess., chap. 12, p. 20), which took effect September 1, 1936, levied upon each employer, of one or more individuals, an excise tax "with respect to employment during the calendar year of 1936" and "for the calendar year of 1937 and thereafter," taxes to be due in quarterly instalments during the calendar year for which the same are levied. Certain classes of service or employment are excepted from the provisions of this law, among which are: (1935 Sess. Laws, as amended by 1939 Sess. Laws, chap. 239, p. 576, sec. 18–5) "Excepted Employment"

"(a) Service in the employment of the Government of the United States of America or of the State of Idaho or of any other state;

"(b) Service in the employ of any instrumentality of the Government of the United States of America in the performance of any function which, by virtue of federal law, is exempt from the excise tax imposed by this Act;

. . . . . . . . . . . .

"(f) Agricultural labor."

The various errors assigned by appellant reduce themselves to three separate issues which are presented in the brief as follows:

(1) That the service performed for the Big Wood Canal Company by individuals in its employ was "agricultural labor" as defined in the Unemployment Compensation Law;

(2) That the Big Wood Canal Co. is an instrumentality of the United States and as such is exempt from the Social Security Tax; and

(3) That the Big Wood Canal Company is an instrumentality of the state of Idaho, within the meaning of the Unemployment Compensation Law and as such is not liable to the tax.

We will address our attention, in the first instance, to the contention that the Big Wood Canal Co. was engaged in "Agricultural labor," within the meaning of the act.

■ *In limine,* we note that it is a recognized rule of construction, which has been followed in this state, that, in order to successfully claim an exemption from a general tax, whether property or excise, laid by the legislature, it must appear by either express terms or necessary implication, that the exemption was intended. (*Bistline v. Bassett,* 47 Ida. 66, 71, 272 Pac. 696, 62 A. L. R. 323; *Knoxville & Ohio R. Co. v. Harris,* 99 Tenn. 684, 43 S. W. 115, 53 L. R. A. 921, 926; *Bank of Commerce v. State of Tennessee,* 161 U. S. 134, 16 Sup. Ct. 456, 40 L. ed. 645, 649; *Ford v. Delta & Pine Land Co.,* 164 U. S. 662, 17 Sup. Ct. 230, 41 L. ed. 590, 592.)

The state statute (chap. 12, sec. 19, subsec. (g) (4) of the Third Extra. legislative Session of 1935, as amended and reenacted by chap. 239, sec. 18–5, subsec. (f), 1939 Sess. Laws, p. 577), exempts from the payment of employment "contribution" tax, "agricultural labor." The Industrial Accident Board held in this case that

"The service performed for the Big Wood Canal Company by individuals in its employ at any and all times since September 1, 1936, is not agricultural labor as defined in said Unemployment Compensation Law."

It appears that the Internal Revenue Department of the United States held, in reference to this particular case, that "the Big Wood Canal Company should be regarded as an instrumentality of the United States to the extent that it distributes water turned into the ditches and canals of the company from works constructed by the United States" and "that the services performed by individuals in the employ of the Big Wood Canal Company are excepted from 'employment' as defined in the Social Security Act by reason of the provisions of sections 811 (b) (6) and 907 (c) (5) of the Social Security Act."

The administrators of the national Social Security Act refused to accept the Internal Revenue Department's construction, and this proceeding ensued.

■ When the legislature of Idaho incorporated the foregoing exception in the statute, it is safe to assume that the

members generally, if not unanimously, knew and understood that substantially the whole of southern Idaho is arid in its native state; and that the growing of agricultural crops in all this vast region is impossible without the artificial application of water. It is just as essential to have canals, ditches, flumes, and laterals for the delivery of water to the land, as it is to have the land in order to grow crops. The land must be cleared and prepared and the water must be captured, impounded, delivered, and distributed over the land; and when that is done, with proper cultivation, crops may be confidently expected. Irrigating the land is as much "agricultural labor" as is the plowing, grading, and cultivating the land after it is cleared of the sagebrush and greasewood. In the arid regions of the west, water is the vitalizing element of agriculture. The waters delivered by the Big Wood Canal Co. were impounded solely for agricultural purposes and the whole volume so impounded and delivered was appurtenant to the farms (I. C. A., sec. 41–1725), cultivated by the farmers who own the land and hold the water certificates.

The fact, that the reservoirs or impounding works are many miles distant from the farms to which the water belongs and is delivered through intervening canals, renders the labor necessary for its storage and delivery no less "agricultural labor." The farmer who goes to the warehouse 20 miles away for a load of fertilizer, or a load of seed, does not by those acts lose his character or designation as a farmer or one engaged in "agricultural labor." The fact, that the Big Wood Canal Co. employs and pays the men who tend and maintain the reservoirs and canals, and measure and deliver the water to the farmers, renders them no less laborers in the interest and field of agriculture, since the entire maintenance and operating expense is charged up to and prorated among the various farms and tracts of land to which the water is delivered as an appurtenance. (See I. C. A., secs. 41–101, 41–901; *Taylor v. Hulett,* 15 Ida. 265, 97 Pac. 37, 19 L. R. A. N. S., 535, 538; *Sanderson v. Salmon River Canal Co.,* 45 Ida. 244, 270, 263 Pac. 32. The Big Wood Canal Co. *is not a profit-making* corporation; it is merely a medium or instrumentality created to represent the farmers owning water

rights from the reservoirs and is doing for them what each one cannot do alone for himself.

The Idaho legislature when enacting the Unemployment Compensation Law did not deem it necessary to *enact a definition* of the words ''agricultural labor,'' nor did Congress deem it necessary to do so when passing the original act (Title 42, U. S. C. A., chap. 7) ; but after the boards and bureaus, set up to administer the act, made some rulings in defining and applying the act, it occurred to Congress to specifically define just what was meant by the words ''agricultural labor'' and ''agricultural pursuits.'' Consequently, by Act of August 10, 1939 (chap. 666, 1st Sess., Pub. No. 378, HR 6–614), Congress defined the term ''agricultural labor'' as used in the national Social Security Act; and, among other things, said, that it should include labor ''in connection with the operation or maintenance of ditches, canals, reservoirs, or waterways used exclusively for supplying and storing water for farming purposes.'' (Sec. 209 (15) (1) (3), p. 1467.) Now it is evident that Congress meant in the first place what the definition embraces; and we have no doubt but that our legislature used the words in the same sense and comprehensive manner.

In *Cook v. Massey*, 38 Ida. 264, 220 Pac. 1088, 35 A. L. R. 200, this court considered the meaning of the term ''agricultural pursuits'' and among other things said that it embraces ''every process and step taken and necessary to the completion of a finished farm product.'' Accepting that statement as correct, it is peculiarly apt here because no ''farm product'' could be produced or become a ''finished farm product'' without water; and in southern Idaho the water must be collected and applied artificially as distinguished from nature's method of supplying it by rainfall.

Because of the conclusion we have reached, that the labor and services performed by the Big Wood Canal Company falls within the exemption of ''agricultural labor,'' as contemplated by the statute, it becomes unnecessary for us to consider any other question raised in this case.

We have not considered and do not pass upon any jurisdictional question in this case since both appellant and respondent contend that the Industrial Accident Board had the ju-

risdiction to pass on this matter in the first instance; and that the appellate jurisdiction is vested in this court to review all such orders.

The order appealed from is reversed and the cause is remanded to the board with directions to allow the refund.

Givens, Morgan and Holden, JJ., concur.