## HOLMES v. TRAVELERS INS. CO.

### No. 11145.

Court of Civil Appeals of Texas. Galveston.
Feb. 6, 1941.

Rehearing Denied March 6, 1941.

M. M. Guinn, of Rusk, and White & Yarborough, of Dallas, for appellant.

Pinkney Grissom and Thompson, Knight, Harris, Wright & Weisberg, all of Dallas, for appellee.

MONTEITH, Chief Justice.

This is an appeal in a compensation suit brought by appellant, O. H. Holmes, to set aside an award of the Industrial Accident Board in favor of appellee, Travelers Insurance Company, and to recover compensation for the loss of an eye and for permanent partial disability to his left leg, alleged to have been the result of an injury sustained by him in the course of his employment with the Palestine Creamery Company, a partnership composed of Frank P. and William D. Lacey, who were alleged to have carried compensation insurance with appellee.

Appellee answered by general denial, general demurrer and exceptions. It specially pled that appellant was a farm laborer and as such was excluded from the operation of the compensation laws of the State of Texas. It alleged that the workmen's compensation policy issued to the Palestine Creamery Company covered only the classification of ice cream manufacturing and included only the employees of said company engaged in that occupation and was not intended to and did not cover the operations of the dairy farm on which appellant was employed at the time he received said injuries.

At the close of appellant's evidence, on motion of appellee, the court withdrew the case from the jury and rendered judgment in favor of appellee and against appellant.

At the time he received the injuries in question, appellant was employed by Frank P. and William D. Lacey as manager of a farm or ranch consisting of between 1,500 and 1,600 acres of land in Anderson County, upon which they conducted a dairy farm. The said Frank P. and William D. Lacey also owned and operated the Palestine Creamery Company, located at Palestine, Texas.

Appellant was injured on said dairy farm while engaged in grinding feed for the cattle under his charge. It is not shown the appellant had any connection with the operation of the Palestine Creamery Company, with the exception of the fact that, on occasions, he had delivered milk to the Creamery Company.

The only question presented for review in this appeal is whether appellant is entitled to recover compensation for the injuries in question under the Workmen's Compensation Law of Texas. Vernon's Ann.Civ.St. art. 8306 et seq. The determination of this question depends on the character of work in which he was engaged at the time he received said injuries.

Section 2 of Article 8306, Revised Statutes of 1925, expressly provides, in part, that the provisions of the Workmen's Compensation Law shall not apply to actions to recover damages for personal injuries nor for death resulting from personal injuries sustained by domestic servants, farm laborers, or ranch laborers.

In the case of Gordon v. Buster, 113 Tex. 382, 257 S.W. 220, 221, which arose prior to an amendment of said Section 2 of Article 8306, which at that time did not expressly exclude "ranch laborers", the Supreme Court, speaking through Justice Pierson, held that the term "farm laborers", as used in the statute, embraced ranch laborers. In its opinion it said: "From the general context of the act we think it was the purpose and intention of the Legislature in enacting this law to make a distinction as between agricultural pursuits generally and those of a more hazardous nature. The Legislature of Texas, by excepting 'domestic servants' and 'farm laborers' from the operation of the Workmen's Compensation Act, has exempted the farming and agricultural industry from the operation of the law."

In determining whether an employee is a farm or ranch laborer within the meaning of the Compensation Law our courts have uniformly held that the controlling consideration is the nature of the work the injured employee is hired to do on the employer's premises. It is held that an employer may at the same time be engaged in two or more businesses or occupations, the servants in one or more being covered by the Act and those in one or more of the others being excluded therefrom.

In the case of Hill v. Georgia Casualty Co., Tex.Com.App., 45 S.W.2d 566, 567, the Commission of Appeals, under a parallel state of facts, has passed on the precise question presented in this appeal.

In this case the appellant was an employee of a nursery conducted for the propagation and sale of trees. The proprietor thereof maintained a number of milk

272 

cows on the place and used the milk and butter from the cows for consumption by his family and the nursery employees. Appellant, one of the employees on the place, was killed by an automobile on the highway while taking a cow elsewhere for breeding. The court held him to be in the same classification as an agricultural laborer engaged in the same occupation and he was denied compensation under a workmen's compensation policy. The court, in holding that one engaged in the nursery business was engaged in an agricultural pursuit, said: "It is a matter of common knowledge that the general character of work done in nursery operations is not materially different from work done in other agricultural operations; and that the work pertaining to the nursery business is not more hazardous, with respect to personal injury, than the work which is ordinarily performed on a cotton plantation, say, or a wheat farm."

██ Webster's New International Dictionary defines the word "dairy" to be "the department of farming or of a farm that is concerned with the production of milk, butter and cheese; hence, a dairy farm; also the cows of a farm."

Under the above authorities there is no question but that one engaged as manager of a dairy farm is engaged in an agricultural pursuit, and the undisputed fact that, at the time of his injuries, appellant was preparing food in a barn on said farm for feeding to the animals under his charge, unquestionably determines that he was engaged in an agricultural pursuit and that, therefore, his injuries were not compensable under the Workmen's Compensation Act.

██ It is the established law in this state that, while an employer of labor, operating under the Workmen's Compensation Act, cannot cover part of his employees and leave part of them uncovered, where such employees are engaged in the same general class of business, it is also well settled that an employer who conducts two separate and distinct kinds of business, each of which involves different risks, pay rolls, and premium rates, may elect to insure his employees in one such business and not insure his employees in another business. Buice v. Service Mutual Ins. Co., Tex.Civ.App., 90 S.W. 2d 343; Guerrero v. United States F. & G. Co., 128 Tex. 407, 98 S.W.2d 796.

██ The policy involved herein was issued to Frank P. and William D. Lacey, doing business as Palestine Creamery Company. It purports to cover only the employees of the insured who were engaged in the manufacture of ice cream. The record not only fails to show that appellant was connected with the operation of the creamery company, but it affirmatively shows that, at the time he received the injuries in question, he was engaged in an agricultural pursuit which was a part of the duties of his employment, that of preparing food for the animals in his charge on said dairy farm.

It follows from above conclusions that appellant was not, as a matter of law, covered by the compensation insurance policy in question at the time of his alleged injuries. The judgment of the trial court is, therefore, in all things affirmed.

Affirmed.