(No. 7160.  January 24, 1945.)

In re liability of FARMERS COOPERATIVE CREAMERY COMPANY, a corporation, for unemployment compensation excise taxes.

[155 Pac. (2d) 762.]
Rehearing denied February 19, 1945.

Bert H. Miller, Attorney General, and Thos. Y. Gwilliam, Assistant Attorney General, for appellant.

E. B. Smith and George Donart for respondent.

GIVENS, J.—Respondent is a farmers' cooperative creamery, organized, existing and operating under chap. 20, title 22, I.C.A., engaged principally in manufacturing butter, but also other milk and cream products. Its membership is composed of some 3,000 farmers in Washington, Gem, and Payette Counties, Idaho, and Malheur County, Oregon, attained by paying $1.00 per year. Non-members as well as members market through the association.

The profits at the end of the year are divided among and distributed, pro rata according to their deliveries, to the constituent members as well as non-members who have sold to respondent.

Truck drivers under contract with respondent gather the milk from the producers. These drivers own their individual trucks, in some cases purchased from or through respondent, and in a sense 'own' the particular designated routes traveled and serviced by them. They are paid either so much a pound for butterfat and hundredweight for milk, or a fixed sum per month, or for so much a trip. Payments to these drivers are, together with all other expenses, included in respondent's cost of doing business. The pro rata profit is the balance remaining after the deduction, of certain reserves and the total cost of conducting the business, from the entire income. Thus, these payments as all other operating expenses are borne, though indirectly, by the

farmer members and others from whom purchases are made.

The Unemployment Compensation Division Board contends these drivers are employees covered by chap. 182, 1941 Sess. Laws, and chap. 29, 1943 Sess. Laws. Respondent resisted the imposition of the tax on the ground that these drivers are independent contractors and engaged in agricultural labor, as defined in chap. 182, sec. 18-5, subd. (f), 1941 Sess. Laws, p. 393,[1] chap. 29, E (f), subd. (4), p. 60, 1943 Sess. Laws.[2]  The board found the drivers are not independent contractors and that the service rendered by them is agricultural labor and hence exempted.

The State Unemployment Compensation Division appealed.

■ Though chap. 20, title 2, supra, does not mention the performance, by a cooperative as involved herein of services for non-members, it does not prohibit the same.

[1](f)  "Services performed in the employ of an individual owner or tenant operating a farm in connection with the cultivation of soil, the production and harvesting of crops or the raising, feeding or managing of livestock, bees or poultry, or in connection with the processing, packing or marketing of the produce of such farm where such processing, packing or marketing is an incident to the ordinary farming operations of such individual owner or tenant; provided, however, that nothing in this sub-section shall be construed to exclude from the term "covered employment" services performed in the employ of any person or persons who operate a farm or farms only incidental to a principal occupation or occupations which would otherwise be termed covered employment within the meaning of this Act."

[2]"(4)  Inhandling, planting, drying, packing, packaging, processing, freezing, grading, storing, or delivering to storage or to market or to a carrier for transportation to market, any agricultural or horticultural commodity; but only if such service is performed as an incident to ordinary farming operations or, in the case of fruits and vegetables, as an incident to the preparation of such fruits or vegetables for market.  The provisions of this paragraph shall not be deemed to be applicable with respect to service performed in connection with commercial canning or commercial freezing or in connection with any agricultural or horticultural commodity after its delivery to a terminal market for distribution for consumption."

Respondent's amended articles of incorporation[3] provide for it, and within limits adhered to by respondent, it is within the sanctioning Federal Statute, title 7, U.S.C.A., chapter 12, section 291, subdivision 3.[4] There was evidence to the effect that the federal income tax authorities did not consider such practice militated against respondents status as a cooperative, and no question was raised as to the effect of such service to non-members on the status of these drivers. Furthermore, in principle this court has indicated that such would not change employment, if otherwise agricultural, to non-agricultural.

Per opinion Ailshie, J.:

"I fail to see wherein the work done upon consigned products is any less "agricultural labor" than that done upon the same kind of products purchased by appellant, or grown by him on his own farm. It was all *agricultural labor*." Budge, J., concurs.

Per Givens, C. J.:

"The entire court is of the opinion that the activities of the appellant and his employes on products purchased outright by him from other producers and growers are in the same category, and the order of the board was in this particular incorrect. There remains only for determination the classification of the work done in connection with produce handled by appellant on consignment." Holden, J., concurs.

And per Morgan, J., concurring with Ailshie, J., and Budge, J.:

"Except in one particular I am in accord with the opinion of Chief Justice Givens in this case. The point on which I am unable to agree with him is as to labor per-

[3]Article 2, Section 5. "To make and enter into marketing agreements and contracts with member and non-member patrons, in such manner and form and for such period of time as may be permitted by law, requiring delivery to the Association, or its order, of all or any specified portion of their agricultural products or specified commodities."

[4]Third. "That the Association shall not deal in the products of non-members to an amount greater in value than such as are handled by it for members. Feb. 18,1922, c. 57, sec. 1, 42 Stat. 388."

formed upon vegetables received by appellant on consignment. I believe all the labor mentioned in this case, including that on produce consigned to appellant, is "agricultural labor" within the meaning of the unemployment compensation law and is not "covered employment" by reason of which the excise tax should be imposed." (*Batt v. Unemployment Compensation Law,* 63 Ida. 572, 123 P. (2d) 1004, 139 A.L.R. 1157.)

■ It is generally recognized that dairy farming is an agricultural pursuit.

Agriculture. "* * * dairying."

Dairy, "A dairy farm." Dairying "the business of conducting a dairy farm." Funk & Wagnalls dictionary.

Agriculture. "In this broad use it includes * * * dairying * * *."

Dairy. "The department of farming or of a farm that is concerned with the production of milk, butter and cheese." * * * "Hence a dairy farm." Webster's dictionary.

Dairying. "The occupation or business of a dairy farmer or dairyman. It has been held to be included in 'agriculture' in the broad sense of that term." 25 C.J.S. 440.

Dairy. "The department of farming or of a farm that is concerned with the production of milk, butter and cheese, hence a dairy farm." *Holmes v. Travelers Ins. Co.,* (Tex.), 148 S.W. (2d) 270.

On the pivotal point involved, appellant's authorities hold, either that the status of employees within a processing or manufacturing plant or those connected with delivery of the products after processing or manufacture were not engaged in agricultural pursuit, *H. Duys & Co., Inc. v. Tone,* (Conn.), 5 A. (2d) 23; *Employment Security Commission v. Arizona Citrus Growers,* (Ariz.), 144 P. (2d) 682; *Sanitary Milk & Ice Cream Co. v. Hickman,* (W. Va.), 193 S.E. 553; which class of employees are not involved herein, or recognize the distinction between the above and those employees bringing farm products to the plant for processing or manufacture, *North Whittier Heights Citrus Ass'n. v. National Labor Relations Board,* C.C.A. 9th, 109 F. (2d) 76. In the latter instance, holding them to be engaged in

agricultural employment. (*State v. Christensen*, (Wash.), 137 P. (2d) 512; *Rodgers v. Nebraska State Ry. Commission* (Neb.), 279 N.W. 800; *Bucher v. American Fruit Grower's Co.* (Pa.), 163 A. 33.)

It would therefore seem apparent that if the farmers individually delivered their milk from and in connection with their farms to respondent's creamery, they and their employees engaged in such work would be, under both the 1941 and 1943 statutes, engaged in an agricultural pursuit.

The services performed by these drivers is thus essentially agricultural and is not divested of such characteristic because performed through, by means of and for a collective cooperative agency rather than by each individual farmer. (*Big Wood Canal Company v. Unemployment Compensation Division of the Industrial Accident Board*, 61 Ida. 247, 100 P. (2d) 49, 139 A.L.R. 1165; *Big Wood Canal Company v. Unemployment Compensation Division of the Industrial Accident Board*, 63 Ida. 785, 126 P. (2d) 15, 146 A.L.R. 1321.)

The conclusion reached obviates the necessity of determining whether these truck drivers were or were not independent contractors.

The order of the board is therefore affirmed.

Ailshie, C. J., and Budge and Holden, JJ., concur.