183 P.2d 826

## In re F. H. HOGUE, Inc.

### No. 7351.

Supreme Court of Idaho.
July 1, 1947.

Robert Ailshie, Atty. Gen., and David Doane, Asst. Atty. Gen., for appellant.

George Donart, of Weiser, for respondent.

GIVENS, Justice.

A representative of the Unemployment Compensation Division determined the F. H. Hogue, Inc. Company was a covered employer in brining cherries and dehydrating apples, subject to taxation for and payment of Unemployment Compensation benefits under Section 43-2311(j) (4), I.C.A., as amended, 1945 S.L. Chapter 203 at page 352.[1] On appeal by the Company, the cause was submitted to the Industrial Accident Board on the following stipulation of facts:

"The F. H. Hogue, Inc., has two cherry-briner plants which are located one outside the town of Payette and one in Emmett, Idaho, but not on a farm. The brining of cherries involves putting them into a solution of sulphur dioxide gas and lime in order to preserve the cherries for shipment

[1] "In handling, planting, drying, packing, packaging, processing, freezing, grading, storing, or delivering to storage or to market or to a carrier for transportation to market, any agricultural or horticultural commodity; but only if such service is performed as an incident to ordinary farming operations or, in the case of fruits and vegetables, as an incident to the preparation of such fruits or vegetables for market. The provisions of this paragraph shall not be deemed to be applicable with respect to service performed in connection with commercial canning or commercial freezing or in connection with any agricultural or horticultural commodity after its delivery to a terminal market for distribution for consumption." Sec. 43-2311(j) (4), I.C.A.

400

to markets in the midwest and east. The Company raises about 95% of its own cherries which are brined by the plant located outside the town of Payette and buys the other 5% from independent fruit growers. The percentage is just about reversed with respect to the cherries brined at the plant located in Emmett, Idaho. Of the cherries brined at that plant, about 95% are purchased from independent fruit growers and about 5% are grown by the company. The independent fruit growers are paid on more or less of a consignment basis in that they are not paid for the cherries delivered to said plants until it has been determined what price the company will receive from the contractors in the midwest and east who buy the brined cherries. The fruit growers are then paid a certain proportion of that selling price. It is true, however, that occasionally the company buys small lots of cherries from the fruit growers outright without first waiting to find out what the selling price of the brined cherries will be. When the cherries are shipped from the F. H. Hogue, Inc., they are not fit for consumption. The markets with respect to the brined cherries have been located in Chicago, Illinois, Cleveland, Ohio, and other eastern cities. The cherry briner plants have an operating season running from about the 20th of June to the 15th of July each year. The number of employees in both plants do not total more than twenty. The plan of operation above described has been in effect for the last three years.

"The F. H. Hogue Company has had for the last three years an apple dehydrating plant in operation which was located not on a farm about four miles outside the City of Payette, Idaho. It burned down in November of this year. The operating season for this plant runs from about the middle of September to the first of January in an average season and the number of employees at such plant average from about seventy to seventy-five. The Company raises practically no apples of its own which were or are dehydrated at this plant. Most of the apples are purchased directly by the company from independent fruit growers at prices which are quoted by the company from day to day throughout the operating season. The apples, called "culls" or low-grade apples, are peeled, cored, trimmed, sliced, dried, and packed for shipping at the plant. They are then shipped mainly to Oklahoma, Texas, and the southern states where they are distributed to grocery stores for sale. When the apples leave the plant they have been dehydrated to about 24% moisture and are fit for consumption. However, the company does sell such apples to some concerns which further dry or process them in order to make apple nuggets, mincemeat, etc.

"That brined cherries and dried apples are not sold at the point where the same were dehydrated or brined but are shipped to Chicago, Illinois, Cleveland, Ohio, Oklahoma, Texas, Los Angeles, southern states, and other large cities where a market for

such products exist. That the apples so dehydrated are not apples for which any market exists in the State of Idaho except for dehydrating purposes."

The Board held both such operations to be agricultural labor and exempt. The appeal herein is by the Unemployment Compensation Division.

The statute exempts from coverage services incidental to the preparation of fruits "for market".

The stipulation states the brining preserves the cherries for shipment "to markets in the midwest and east" and that "the markets with respect to the brined cherries have been located in"—enumerated eastern cities.

While the stipulation does not state that unbrined cherries are not marketable in Idaho or that there is no market in Idaho for unbrined cherries, it does clearly state brining these cherries was incidental to their preparation for the only mentioned market; namely after brining. The parties having thus stipulated, it is unnecessary for us to determine what is meant by the word "market" or what, if any, distinctions there are between "market" and "terminal market". The Board, therefore, was correct in concluding this service was not covered.

With regard to the apples, however, the stipulation states that after the apples are dehydrated, they are shipped mainly to Oklahoma, Texas, and the southern states where they are "distributed to grocery stores for sale", and "the Company (Hogue) does sell such apples to some concerns which further dry and process" them and "that brined cherries and dried apples are not sold at the point where the same were dehydrated or brined but are shipped to Chicago, Illinois, Cleveland, Ohio, Oklahoma, Texas, Los Angeles, southern states, and other large cities where a market for such products exists. That the apples so dehydrated are not apples for which any market exists in the State of Idaho, *except for dehydrating purposes.*" (Emphasis ours.)

Thus, the stipulation discloses a market for *dried* apples exists only in states outside Idaho, but that there *is* a market in the State of Idaho for these apples for dehydrating purposes, and they were so purchased by the Company; thus, when sold to the Company, and the stipulation shows all apples processed were purchased by them, they have been marketed, even though for the limited purpose of being dehydrated. Having already been marketed, the dehydrating was not incidental thereto. Brining the cherries is, therefore, exempt, but dehydrating the apples is covered. The Order thus modified, is affirmed. Each party to pay its own costs.

HOLDEN and MILLER, JJ., concur.

BUDGE, Chief Justice (dissenting).

No useful purpose would be served by writing at length, a dissenting opinion. The

402

law as applied to the stipulated facts has been announced by a majority of the court and is, therefore, the law of the case.

The statute here for construction is by no means harmonious, but is inharmonious and inconsistent. Possibly it may be clarified at the next session of the legislature. However, I cannot place the same construction upon the statute that has been placed thereon in the majority opinion. In short, it is held that the brining of the cherries is agricultural labor; therefore exempted employment, while the dehydrating of apples is not exempted agricultural labor, but is covered by the employment compensation law.

If the company is liable in one instance, it is liable in the other, or the contrary is true.