UNEMPLOYMENT COMPENSATION COMMISSION *v.*
CROWN ONION SHIPPERS, INC.

1. WORDS AND PHRASES—TERMINAL MARKET.
   A terminal market is a place of business to which products are shipped in a sorted, graded, packaged condition, ready for immediate sale.

2. WAREHOUSEMAN — TERMINAL MARKET — PROCESSING OF COMMODITIES.
   If a product in the course of shipment reaches a warehouse in its raw or natural state, or partially sorted, but not yet fully processed and approved for public sale according to law, it is not yet prepared and ready for market and the intermediary warehouse is not a terminal market.

3. UNEMPLOYMENT COMPENSATION—AGRICULTURAL LABOR—TERMINAL MARKET—WAREHOUSE—SORTING, GRADING AND PACKAGING ONIONS.
   Warehouse at which more than 8 individuals were on payroll for more than 20 weeks, engaged in sorting, grading and packing onions as required by law to prepare them for market and which it shipped to one customer, an affiliate corporation in another State, was engaged in agricultural labor, as that term is used in excepting provision of the unemployment compensation act, since it was not operating a terminal market (CL 1948, § 421.42, subd [6] [d]).

---

REFERENCES FOR POINTS IN HEADNOTES
[3] 48 Am Jur, Social Security, Unemployment Insurance, and Retirement Funds § 30.
[3] What constitutes "agricultural labor" or "farm labor" within social security or unemployment compensation acts. 139 ALR 1164.

Appeal from Ingham; Salmon (Marvin J.), J. Submitted October 12, 1952. (Docket No. 95, Calendar No. 45,215.) Decided January 7, 1952.

Certiorari by Michigan Unemployment Compensation Commission to review order of the appeal board in favor of Crown Onion Shippers, Inc., a Michigan corporation, in holding employees were agricultural labor. Order reversed in circuit court. Defendant Crown Onion Shippers, Inc., appeals. Reversed and order of appeal board affirmed.

*Frank G. Millard,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *George M. Bourgon,* Assistant Attorney General, for plaintiff.

*Reber & Reber,* for defendant.

Bushnell, J. Defendant Crown Onion Shippers, Inc., a Michigan corporation, has appealed from a judgment entered in the circuit court for the county of Ingham, reversing a decision rendered by the appeal board of the Michigan unemployment compensation commission in which the board held that Crown was not required to make unemployment contributions.

Crown buys onions from growers in the field or at its warehouse at Grant, Michigan. Its sole customer is Heller Brothers of New York City, a corporation which is a wholesaler and dealer in onions. This corportion has 4 stockholders who are also stockholders of Crown.

The onions purchased by Crown are stored in crates in Crown's warehouse until they are sorted, graded and packed for market. This operation is a necessary incident to the preparation of onions for the purpose of meeting market requirements. The statute (CL 1948, § 750.283 [Stat Ann § 28.494]),

governing the sale of fruits and vegetables in closed packages, requires that the container be marked with the seller's full name and address.

In 1949, Crown had 8 or more individuals on its payroll for more than 20 weeks. The Michigan unemployment compensation act (CL 1948, § 421.1 *et seq.* [Stat Ann 1950 Rev § 17.501 *et seq.*]) makes such employers subject to the act, unless they come within the exceptions contained in section 42 (CL 1948, § 421.42 [Stat Ann 1950 Rev § 17.545]). Among these exceptions is agricultural labor (subdivision [6] [d]).* Subsection (4) of subdivision (6) (d) reads in part as follows:

"In handling, planting, drying, packing, packaging, processing, freezing, grading, storing, or delivering to storage or to market or to a carrier for transportation to market, any agricultural or horticultural commodity; but only if such service is performed as an incident to ordinary farming operations or, in the case of fruits and vegetables, as an incident to the preparation of such fruits or vegetables for market. The provisions of this paragraph shall not be deemed to be applicable with respect to service performed in connection with commercial canning or commercial freezing or in connection with any agricultural or horticultural commodity after its delivery to a terminal market for distribution for consumption."

If Crown's warehouse is a terminal market for the distribution of onions for consumption, then the exemption is not applicable.

In *Unemployment Compensation Commission* v. *Unionville Milling Company,* 313 Mich 292, it was conceded that the milling company's elevator was not a terminal market. The Court therefore held that those employed to remove culls, stones and for-

---

* This subdivision was not changed by PA 1949, No 282, immediately effective June 11, 1949.—Reporter.

eign matter from beans at the elevator were "agricultural laborers."

The commission argues that the incidental work done at the Crown warehouse in preparing the onions for market is the first phase of distribution; that the second phase is the selling of the onions at wholesale by Heller Brothers. It concludes that this combination of the 2 corporations constitutes a terminal market.

We accept and adopt the definition in 55 CJS, p 801, of a terminal market as "a place of business to which products are shipped in a sorted, graded, packaged condition, ready for immediate sale." Compare *Burger* v. *Social Security Board,* 66 F Supp 619, and *Miller* v. *Burger* (CCA), 161 F2d 992.

This textual authority, citing *Claim of Lazarus,* 268 App Div 547 (52 NYS2d 682), further says:

"If a product in the course of shipment reaches a warehouse in its raw or natural state, or partially sorted, but not yet fully processed and approved for public sale according to law, it is not yet prepared and ready for market and the intermediary warehouse is not a terminal market."

The argument advanced by the commission is not compatible with this definition.

Crown does not operate a terminal market; its operations fall within the exceptions noted in the portion of the statute hereinbefore quoted. The appeal board of the unemployment compensation commission reached the correct result.

The judgment reversing its decision is vacated and the cause is remanded for the entry of a judgment affirming the determination of the appeal board. Costs to appellants.

NORTH, C. J., and DETHMERS, BUTZEL, CARR, SHARPE, BOYLES, and REID, JJ., concurred.