## COOK v. B. B. McARTHUR DAIRY.

Industrial Commission.

April 29, 1955.

Arthur J. Franza, Robbins & Cannova, Hollywood, for the claimant.

Robert D. Ross and W. F. Parker, both of Miami, for the employer.

JAMES R. KNOTT, Deputy Commissioner.

After due notice, a hearing in the above entitled proceeding was held before the undersigned deputy commissioner in Fort Lauderdale, following which counsel for the respective parties submitted memorandum briefs.

On December 10, 1954 the claimant Otis Cook sustained a fracture of the right lower leg in an accident arising out of and in the course of his employment with B. B. McArthur Dairy, near Pompano Beach. Cook's claim for the benefits of the Workmen's Compensation Act on account of his injury is controverted by his employer on the ground that his work consisted of "agricultural farm labor" and is thus exempted from the provisions thereof. See section 440.02(1), Florida Statutes 1953.

B. B. McArthur employed about 10 persons in the operation of the dairy farm on which the claimant was injured. The dairy produced milk for commercial use, which was sold wholesale in tankloads of approximately 2,000 gallons each. The milk was not processed or pasteurized by McArthur—who testified that he "takes milk from cows and puts it in tanks." The dairy activities included the growing of grass to feed the cows, in connection with which the employer provided the usual agricultural implements, such as plows, a disc and a tractor. The claimant's injury occurred when he fell or was thrown from a horse while herding cows.

The question is presented as to whether, as a matter of law, dairy farm work constitutes "agricultural farm labor." The specific question at issue has not been heretofore decided by our Supreme Court. Leading authorities from other states, however, support the conclusion that dairy farm work comes under the general classification of agricultural farm labor. See Plemmons v. Pevely Dairy Co. (St. Louis Ct. of App.), 233 S.W. 2d 426, and cases therein cited; Hardy v. Gapen (Pa. Super. Ct.), 14 A. 2d 892; Greischer v. St. Mary's College (Minn.), 222 N.W. 525; and Holmes v. Travelers Ins. Co. (Tex. Civ. App.), 148 S.W. 2d 270. See also Ramey v. Circle F Dairy Ranch, Inc., 4 Fla. Supp. 154.

It is the finding of the deputy commissioner that the work in which the claimant was engaged at the time of his injury constituted agricultural farm labor, and that his employment was therefore exempted from the provisions of the Act. Accordingly, the claim must be and the same is hereby denied.