299 P.2d 487

**CHESTER B. BROWN CO., Appellant,**

**v.**

**EMPLOYMENT SECURITY AGENCY,**
State of Idaho, Respondent.

Matter of the Liability of Chester B. Brown Co., Morrill, Nebraska, for Contributions under the Employment Security Law.

No. 8358.

Supreme Court of Idaho.

July 3, 1956.

Rehearing Denied Aug. 1, 1956.

Langroise, Clark & Sullivan, Boise, and Young, Holm & Miller, Omaha, for appellant.

**168**

Graydon W. Smith, Atty. Gen., and John W. Gunn, Asst. Atty. Gen., for respondent.

PORTER, Justice.

Appellant, Chester B. Brown Co., is a Nebraska corporation transacting business in the states of Nebraska and Wyoming and at Rupert and Filer, Idaho. Its business consists of cleaning and processing edible beans and seed beans and seed peas. It claimed before the Employment Security Agency to be exempt from the payment of tax contributions upon the wages of its warehouse employees contending that the labor performed by such warehouse employees is agricultural labor and exempt from payroll contributions under the Employment Security Law, I.C. § 72–1301 et seq.

The Employment Security Agency denied appellant's claim of exemption and appellant thereupon appealed to the Industrial Accident Board. After a hearing, the Industrial Accident Board entered an order denying appellant's claim of exemption. From such order, appellant has appealed to this court.

Appellant's claim of exemption from liability for tax contributions upon the labor of its warehouse employees is based upon the exemption provided by Section 72–1316, I.C., of "agricultural labor", as defined by Section 72–1304, sub-par. (a) (4), I.C., the material part of which reads as follows:

"Agricultural labor.—(a) The term 'agricultural labor' includes all services performed:

\*   \*   \*   \*   \*   \*   \*

"(4) In handling, planting, drying, packing, packaging, processing, freezing, grading, storing, or delivering to storage or to market or to a carrier for transportation to market, any agricultural or horticultural commodity; but only if such service is performed as an incident to ordinary farming operations or, *in the case of fruits and vegetables, as an incident to the preparation of such fruits or vegetables for market.* The provisions of this paragraph shall not be deemed to be applicable with respect to service performed in connection with commercial canning, freezing, or dehydrating in connection with any agricultural or horticultural commodity after its delivery to a terminal market for distribution for consumption." (Emphasis supplied.)

The operations of appellant were founa to be as set out in Findings of Fact Nos. 2 and 3 of the Board which read as follows:

"2.

"Claimant is engaged in the processing of beans for edible and seed markets and of peas for seed markets only. Its operations are performed upon beans which may be owned either by the farmer-producer, claimant itself, or by commercial seed houses. It processes only seed peas, all owned by others. Beans, except those received from commercial seed houses, are received by claimant in field run condition, either in bulk or in bags. The farmer-producer delivering the beans receives a delivery slip upon which is noted net weights and grades. The grower has an option when he delivers the beans of storing them or selling them to claimant. Pursuant to the wishes of the grower who does not sell upon delivery, the claimant issues either a negotiable or non-negotiable receipt to the farmer-producer and they are his to call for on demand. Subsequently both purchased beans and beans held for storage are milled and processed.

"3.

"Claimant also mills beans owned by other plants or commercial houses."

The operation of cleaning and processing field run edible beans and seed beans and peas consists of removing the dirt, straw and other foreign matter and the defective beans and peas. The chemical or physical condition of the beans and peas is not changed. Prior to cleaning and processing, edible beans and seed beans and peas are not marketable. Michigan Unemployment Compensation Commission v. Unionville Milling Co., 313 Mich. 292, 21 N.W.2d 135; Pioneer Potato Co. v. Division of Employ-

ment Security, etc., 31 N.J.Super. 553, 107 A.2d 519.

"Such products are not salable unless they have been processed, and such processing is necessary by reason of state or federal statutes or regulations or requirements of purchasers. Rejected produce remains the property of the farmer and is returned to him." Batt v. Unemployment Compensation Division, 63 Idaho 572, 123 P.2d 1004, 1005, 139 A.L.R. 1157.

The cleaning and processing of edible beans and seed beans and peas is agricultural labor. Cook v. Massey, 38 Idaho 264, 220 P. 1088, 35 A.L.R. 200; Big Wood Canal Co. v. Unemployment Compensation Division, 61 Idaho 247, 100 P.2d 49; Batt v. Unemployment Compensation Division, supra; Carstens v. Unemployment Compensation Division, 65 Idaho 370, 144 P.2d 203; In re Batt, 66 Idaho 188, 157 P.2d 547; In re F. H. Hogue, Inc., 67 Idaho 398, 183 P.2d 826.

The Employment Security Agency does not appear to contend that beans and peas are marketable prior to cleaning and processing; or that such cleaning and processing is not agricultural labor. It appears to be the position of the Agency that most of the services performed by appellant are not *exempt* agricultural labor under the statute.

The Agency admits that edible beans are considered vegetables and that services performed in processing such edible beans are exempt services so long as such beans remain the property of the grower. The Agency contends that when the edible beans are sold by the farmer-producer to appellant and the producer has parted with all economic interest therein, any further labor performed in cleaning and processing such beans is not exempt. The Agency appears to rely largely on Burger v. Social Security Board, D.C., 66 F.Supp. 619; Miller v. Burger, 9 Cir., 161 F.2d 992 and Ewing v. McLean, 9 Cir., 189 F.2d 887, to support its position. The parting with all economic interest by the farmer-producer is not made a test of exemption by the statute. Nor is ownership of fruits and vegetables made a test of exemption in the case of labor performed incident to the preparation of such fruits or vegetables for market.

In any event, where appellant buys edible beans or seed beans and peas, the crops are not purchased in their field-run condition. What the appellant purchases are the beans and peas in the amount and as they will be after they are cleaned and processed. The cleaning and processing by appellant is done as a service to the seller and is charged to and paid for by him. It is to be observed that in the Burger cases it is specifically noted that the labor in question was not performed for the account of

the grower. Likewise, in Ewing v. Mc-Lean, supra, it does not appear that the labor in question was charged to and paid for by the growers.

The Board ruled that seed beans and peas are not vegetables and the labor of cleaning and processing the same was only exempt when such labor was performed as an incident to farming, and was not exempt labor under the provisions of the statute providing for exemption in the case of fruits and vegetables of labor performed as an incident to the preparation of same for market. There is nothing in the record or in the statute justifying a distinction between labor performed in cleaning and processing beans and peas which are for human consumption, and identical labor performed in cleaning and processing beans and peas which are for seed so far as the exemption is concerned.

The Agency does not seriously attempt to justify the finding of the Board that seed beans and peas are not to be considered vegetables under the exempt provisions of the statute. See Robertson v. Salomon, 130 U.S. 412, 9 S.Ct. 559, 32 L.Ed. 995. The Agency appears to take the position that appellant is the farmer's market for beans and peas and that labor to be exempt must be performed as an incident to the preparation of the beans and peas for market prior to their sale; and that labor performed by appellant or by a third party thereafter as an incident to the preparation of such products for market is not exempt.

The definition of the term "agricultural labor" as contained in the Federal Social Security Act, 42 U.S.C.A. § 301 et seq., is similar to the definition of "agricultural labor" contained in the Idaho statute. The regulations of the U. S. Treasury Department Bureau of Internal Revenue, covering the labor of preparing fruits and vegetables as an incident to marketing, in Title 26, Code of Federal Regulations, Section 403.-208(e) (2), provide as follows:

"(2) Services performed by an employee in the employ of any person in the handling, planting, drying, packing, packaging, processing, freezing, grading, storing, or delivering to storage or to market or to a carrier for transportation to market, of fruits and vegetables, whether or not of a perishable nature, are excepted as agricultural labor, provided such services are·performed as an incident to the preparation of such fruits and vegetables for market. For example, if services in the sorting, grading, or storing of fruits, *or in the cleaning of beans,* are performed as an incident to their preparation for market, such services may be excepted whether performed in the employ of a farmer, a farmers' cooperative, or a commercial handler of such commodities." (Emphasis supplied.)

The following cases lend support to the view that the payroll of appellant for warehouse labor is exempt under the statute from contributions to the Employment Security Agency. Pioneer Potato Co. v. Division of Employment Security, etc., supra; Claim of Lazarus, 268 App.Div. 547, 52 N. Y.S.2d 682; Michigan Unemployment Compensation Commission v. Unionville Milling Co., supra; Producers' Crop Improvement Ass'n v. Dallman, 7 Cir., 178 F. 2d 66; Maplewood Poultry Co. v. Maine Employment Sec. Commission, Me., 121 A. 2d 360; Michigan Unemployment Compensation Commission v. Appeal Board, 332 Mich. 194, 50 N.W.2d 755; In re F. H. Hogue, Inc., supra.

The Agency makes some contention that the labor of the warehouse employees in question is not exempt from contributions under the provisions of Section 72–1316, sub-section (b), I.C., which reads as follows:

"(b) Notwithstanding any of the other provisions of this section, services shall be deemed to be in covered employment if with respect to such services a tax is required to be paid under section 1600 of the Federal Internal Revenue Code, as amended."

There is no showing here that any federal tax has ever been paid upon the labor of appellant's warehouse employees or that any federal court has ever held that such labor is taxable.

We conclude that the payroll for labor performed by the warehouse employees of appellant is exempt from tax contributions to the Employment Security Agency. The order of the Industrial Accident Board is reversed and the cause remanded to the Board with instructions to enter an order in accordance with the views expressed herein. Costs to appellant.

TAYLOR, C. J., and KEETON, ANDERSON and SMITH, JJ., concur.